```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SINATRA YOUNG,
                    Plaintiff,          REPORT AND RECOMMENDATION
         - v -
                                        CV-11-1388 (JG)(VVP)
METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,
                    Defendants
------------------------------------------------------------x
```

I respectfully recommend that this action be dismissed. The plaintiff filed the action in state court seeking damages arising from the suspension of the plaintiff's license to drive taxis because of the defendant's refusal to perform drug tests which the plaintiff was required to provide to the New York City Taxi & Limousine Commission. After removal to this court and the entry of a scheduling order governing discovery and other pretrial proceedings, the plaintiff's counsel moved to withdraw from further representation of the plaintiff because of the plaintiff's failure to pay legal fees. The court issued an order scheduling a hearing to be held today. The order clearly advised the plaintiff that he was required to appear in person for the hearing, and that a failure to appear would lead to a dismissal of his claims with prejudice. The court directed the plaintiff's counsel to serve the order on the plaintiff by regular mail and certified mail, return receipt requested, and the plaintiff's counsel has filed an affidavit of service attesting that service of the order, as well as the motion papers, was made at the plaintiff's address.

The plaintiff failed to appear at the hearing today as directed. During the hearing, the plaintiff's counsel advised the court that he had a conversation with the plaintiff shortly before he filed the moving papers in which he advised the plaintiff that he would be seeking to withdraw unless his fees were paid. The plaintiff's responded that he would not be able to pay the fees and would therefore not be pursuing his claims. Accordingly, as it appears that the plaintiff has abandoned the case, the case should be dismissed. Moreover, as the defendant has already had to

expend resources defending the case to this point in answering the complaint, attending conferences, and issuing discovery requests, the dismissal should be with prejudice. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

\*    \*    \*    \*    \*    \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002); *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

    Respectfully recommended,

    *Viktor V. Pohorelsky*
    VIKTOR V. POHORELSKY
    United States Magistrate Judge

Dated:    Brooklyn, New York
         August 2, 2011